TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00502-CR






Robert Bryan Reeves, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-07-0037-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Robert Bryan Reeves was convicted of burglary of a habitation with intent
to commit theft, enhanced by one prior felony conviction, and was sentenced to ten years'
imprisonment. See Tex. Penal Code Ann. § 30.02 (West 2003). Appellant's appointed attorney has
filed a brief concluding that the appeal is frivolous and without merit. See Anders v. California,
386 U.S. 738, 743-44 (1967). Appellant has filed a pro se brief complaining that the evidence does
not show that the structure in question was a habitation. We affirm the judgment of conviction.

 We have considered the record, counsel's brief, and appellant's pro se brief and we
agree with counsel that the appeal is frivolous and without merit. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). (1) We overrule appellant's sole issue on appeal and affirm the
judgment of conviction. We grant counsel's motion to withdraw and affirm the judgment
of conviction. (2) 


 ___________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: September 18, 2008

Do Not Publish
1. The court of criminal appeals in Bledsoe v. State held:


 When faced with an Anders brief and if a later pro se brief is filed, the court of
appeals has two choices. It may determine that the appeal is wholly frivolous and
issue an opinion explaining that it has reviewed the record and finds no reversible
error. Or, it may determine that arguable grounds for appeal exist and remand the
cause to the trial court so that new counsel may be appointed to brief the issues. Only
after the issues have been briefed by new counsel may the court of appeals address
the merits of the issues raised. 


178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citations omitted).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of
his case by the court of criminal appeals, he must either retain an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review. See generally Tex. R. App.
P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the date
this Court overrules the last timely motion for rehearing filed. See Tex. R. App. P. 68.2. The
petition must be filed with this Court, after which it will be forwarded to the court of criminal
appeals along with the rest of the filings in the cause. See Tex. R. App. P. 68.3, 68.7. Any petition
for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. 
See Tex. R. App. P. 68.4, 68.5.